# IN THE OREGON TAX COURT

## SCHOOL DISTRICT NO. 1
*v.*
## MULTNOMAH COUNTY et al
(TC 1762)

Clifford N. Carlsen, Jr., and John F. Neupert, Miller, Nash, Wiener, Hager & Carlsen, Attorneys at Law, Portland, represented plaintiff.

Rudolph S. Westerband, Assistant Multnomah County Counsel, Portland, represented defendants.

Interlocutory Partial Summary Judgment Order for plaintiff rendered August 8, 1983.

**SAMUEL B. STEWART, Judge.**

The plaintiff, represented by Mr. John F. Neupet of Miller, Nash, Yerke, Wiener & Hager, Attorneys at Law, Portland, Oregon, appealed to the Tax Court alleging that the defendants, represented by Mr. Rudolph S. Westerband, Assistant County Counsel, Multnomah County, have failed to turn over on a timely basis property tax payments received on behalf of the plaintiff. In a pretrial conference held on May 20,

1983, the court denied the defendants' motion for summary judgment as to the plaintiff's first claim, stated above, concluding that a genuine issue as to a material fact was involved.

Plaintiff's second claim alleged that the plaintiff was entitled to the income earned on investment of property tax payments received on behalf of the plaintiff and invested by the defendants. The parties agreed that there is no material fact in dispute regarding the determination of the defendants' liability for interest earnings. The defendants moved for summary judgment and the plaintiff cross-moved for summary judgment on the issue of liability only, reserving the amount of liability, if any be found, for a later determination.

ORS 311.385 states that:

"'The taxes collected by the tax collector pursuant to this chapter [Collection of Property Taxes] shall be deposited daily with the county treasurer who shall deposit it to an *account* in his records designated unsegregated tax collections. * * *'" (Emphasis supplied.)

ORS 311.395(1) directs that the tax collector

"'* * * on or before the fifth business day of each month, shall make a statement * * * of the exact amounts of cash and of warrants collected during the preceding month for taxes, penalties and interest, and the total amount of the statement shall be credited to the several funds for which they were respectively collected * * *.'"

ORS 311.395(3) provides:

"'* * * for the period beginning October 15 and ending December 31, the tax collector shall prepare the statements provided by subsection (1) of this section relating to current year tax collections weekly rather than monthly.'"

The property taxes collected by defendants on behalf of plaintiff are deposited in an "unsegregated tax account" as directed by ORS 311.385 and it is undisputed that moneys in this account are invested by the defendants in interest-earning investments. ORS 294.080(1) directs that "'* * * all interest received from any investment made from the general cash balance of any funds in the hands of the county treasurer * * *'" shall be credited to the general fund of the county. "'* * * If the entire investment is made from a *specific fund,* however,

* * * the interest * * *" shall be credited to the fund from which the investment was made. (Emphasis supplied.)

The plaintiff contends that the "unsegregated tax account" under ORS 311.385 is a "specific fund" under ORS 294.080(1); therefore, plaintiff is entitled to its pro rata share of the interest earnings on the investments made from the fund. Defendants, on the other hand, contend that an "account" is not a "specific fund" and therefore interest from investment of moneys in the "unsegregated tax account" is credited to the defendant county's general fund.

Alternatively, the plaintiff alleges that it should prevail under ORS 294.080(3) because all of the moneys deposited in the "unsegregated tax account" are designated for particular municipal corporations. Defendants, on the other hand, contend that "designation" does not occur until, pursuant to ORS 311.395, an amount is credited to the funds of the several districts.

Is the "unsegregated tax account" a "specific fund"? Because the statutes involved in this matter are within the responsibility of the Department of Revenue, by virtue of ORS 305.120, and the department had representatives present during the legislative hearings on the statutes involved, the court requested the Director of the Department of Revenue to either appear or designate someone to apear as amicus curiae. Mr. Ira W. Jones, Assistant Attorney General, was designated to appear as amicus curiae.

ORS 311.385, 311.390 and 311.395 were introduced as HB 1751 (1963 Or Laws ch 606, §§ 2, 3 and 8) in order to eliminate the delay occasioned by the tax collector having to trace each payment back to the property for which payment was made and to eliminate the necessity of the tax collector maintaining a bank account. ORS 311.385 uses the word "account," whereas ORS 311.395(1) and (4) use the word "funds." Amicus curiae's explanation of why "account" was used in ORS 311.385 was that during the early and middle 1960's, there was a concerted effort on the part of the legislative fiscal committees to eliminate many of the statutory funds unless the creation of a fund was truly necessary. The amicus curiae alleged that since a fund was not required for accounting purposes, ORS 311.385 used the word "account."

In the statutory definitions provided in relation to Local Budget Law, neither "account" nor "fund" is defined.

It may be true, as amicus curiae alleged, that the legislature did not want a "fund" established because of the legal restrictions which apply to "fund" moneys. Whatever motive prompted the legislature in its choice of words, the clear and unambiguous mandate of ORS 311.385 is that the taxes be deposited in an "account."

ORS 294.080 was introduced in the form of HB 1736 (1963 Or Laws ch 316, § 1). The enactment of the measure was based upon the fact that county treasurers were taking a more active role in the investment of funds in their possession and guidance was needed as to how those funds should be invested and to whom the interest was to be credited.

In committee hearings on HB 1736, later codified as ORS 294.080, Mr. W. W. Campbell, Treasurer of Multnomah County in 1963, testified:

> "There is, of course, no problem with regard to the interest earnings when an investment is made in whole from a specific identifiable fund. The interest follows the principal."

Mr. Campbell wanted direction regarding the interest earned from investments made from a general pool of money comprised of various funds flowing in and out of the pool. When questioned by a committee member, "Is this tax funds?" Mr. Campbell replied, "It can represent tax money, as well as money from a number of other sources." (Minutes of House Committee on Local Government, April 3, 1963, at 7-8.)

HB 1736 was designed to give statutory instructions to county treasurers regarding investments and ORS 294.080(1) as enacted in 1963 allowed the county treasurers to credit to the general fund all interest earned from investments made from the general cash balance of any funds in the hands of the county treasurer unless the entire investment was made from a specific fund.

In view of the unambiguous direction of ORS 311.385 that the property taxes collected shall be deposited in an "account" by the county treasurer, the court is not persuaded that the "unsegregated tax account" is "a specific fund"

according to ORS 294.080(1) which would require that the rule set forth in *Lane County v. Paulus*, 57 Or App 297, 644 P2d 616 (1982), should be applied.

In 1979, subsection (3) was added to ORS 294.080. (1979 Or Laws ch 762, § 8.) According to the testimony before the House Committee on Revenue, June 28, 1979, Tape 52, Side 2, the defendants allege that the passage of subsection (3) was directed at Timber Severance Tax moneys. The defendants allege that some counties were holding on to severance tax warrants, investing their amounts and crediting interest earnings to the county's general fund. (Memorandum of Law in Support of Defendants' Motion for Summary Judgment, at 32-34.) In enacting ORS 294.080(3), however, the legislature did not limit the measure to Western Oregon Severance Tax payments. The subsection directs that:

■ "Interest earned by investment of any moneys received by the county treasurer from any source, which moneys have been designated for a particular municipal corporation as defined in ORS 294.311(19), shall be credited to the account of the particular municipal corporation and not to any county fund."

Have the property taxes here "been designated for a particular municipal corporation"? Mr. David A. Boyer, the General Ledger Supervisor during 1980-1981, and now Finance Manager for Multnomah County, gave the following testimony in answer to questions:

"Q   And the account number with the program code of 70509 is designated "Tax Collector." What is that?

"A   That is where the tax collections are deposited.

"Q   Is that the fund that's known as the unsegregated tax fund?

"A   Yes.

"Q   And is that identified as a department trust fund?

"A   Yes, it is.

"Q   How is that department trust fund different from sundry trust funds?

"A   Okay, department trust funds are various trusts that the County holds that is due other jurisdictions." (Plaintiff's Cross-Motion for Partial Summary Judgment, Deposition of David A. Boyer, Ex 2, at 57.)

Andrew D. Thaler, Comptroller-Treasurer of Multnomah County, being deposed, answered certain questions thusly:

"Q   What is the designation 'Tax Department Trust'?

"A   I believe that is the unsegregated tax account.

"Q   How is the County portion of that determined?

"A   That is an estimation of the percentage of the taxes collected that should remain with the County after it's been segregated and distributed.

"Q   Is the information maintained on the net taxing districts calculated daily?

"A   Yes, it is. * * *

"Q   So the Treasury Department maintains records that they can consult which give them an estimate of the demands of the various taxing districts at any given moment?

"A   Yes.

"Q   Okay. Do you pay to the taxing districts interest on the funds maintained in the unsegregated tax account?

"A   No.

"* * * * *

"Q   Well, you hold the funds collected as tax revenues in trust, don't you?

"A   We hold a lot of money in trust, and taxes in the unsegregated account is part of that, yes." (Plaintiff's Cross-Motion for Partial Summary Judgment, Deposition of Andrew P. Thaler, Ex 1, at 14-15 and 52.)

The testimony recorded above does not question that certain money in the unsegregated tax account has been designated for particular municipal corporations. No allegation has been made that the property taxes collected and deposited in the unsegregated tax account can be used for any purpose other than the payment of taxes and charges to the municipal corporations as defined in the Local Budget Law.

No allegation has been made that the property taxes collected and deposited in the unsegregated tax account belong to the county or to any entity other than the various local taxing districts.

The testimony of the Multnomah County officials,

Mr. Boyer and Mr. Thaler, clearly indicates that those property taxes collected on behalf of taxing districts and deposited in the unsegregated tax account are designated for certain municipal corporations and no other use may be made of the funds except to pay the moneys to those municipal corporations which are entitled thereto.

According to ORS 294.080(3):

"Interest earned by investment of any moneys received by the county treasurer * * * which * * * have been *designated* for a particular municipal corporation * * * shall be credited to the account of the particular municipal corporation and *not to any county fund.*" (Emphasis added.)

ORS 174.110 provides guidance in regard to statutory construction by stating:

"As used in the statute laws of this state:

"(1)   The singular number may include the plural and the plural number, the singular."

The court notes that this directive allows this construction rather than commands it by employing "may" rather than "shall" or "will." However, in subsection (2), this statute states, "[w]ords used in the masculine gender may include the feminine and the neuter," thereby indicating that the gender may be changed when the situation warrants it. Likewise, the singular may include the plural when the situation warrants it.

ORS 294.080(3) requires that interest earned from investment of moneys designated for a particular municipal corporation must be credited to the account of that particular municipal corporation. Under the rule of construction directed by ORS 174.110, allowing the singular to be the plural, and pursuant to ORS 294.080(3), the court finds that interest earned from investment of moneys designated for particular municipal corporations must be credited to the account of the particular municipal corporations.

NOW, THEREFORE, IT IS HEREBY ORDERED that plaintiff's motion for partial summary judgment is granted and defendants' liability for interest earned on property tax collections held by the defendants pending distribution to the plaintiff is established. The amount of liability and plaintiff's first claim will be determined at a later time.